

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. J. Sulak, Chairman
Public Health Committee
The Senate
Austin, Texas

Dear Sir:

Opinion No. O-3414
Re: Constitutionality of S. B.
306 providing for regulation
of the practice of Dieto-
therapy.

Pursuant to your request of April 16, 1941, we have
studied Senate Bill No. 306, copy of which is attached hereto,
with reference to its constitutionality.

Section 4 of this Bill provides in part:

"At present three of the teachers of Dieto-
therapy, in the state chartered Texas School of
Dieto-therapy, chosen among themselves, shall
constitute a Board, * * *."

No provision is made in the Bill for the term of the
members of this Board. Under this Bill, as written, the per-
sons selected to constitute this Board would serve for life.
The terms of State Boards, such as the one contemplated by this
Act, are controlled by Article 16, Section 30a, of the Texas
Constitution. San Antonio Independent School District v. State
(Tex. Civ. App.), writ refused, 173 S. W. 525.

Article 16, Section 30a, of the Texas Constitution
provides:

"Sec. 30a. The Legislature may provide by
law that the members of the Board of Regents of
the State University and boards of trustees or
managers of the educational, eleemosynary, and
penal institutions of the State, and such boards

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable L. J. Sulak, Page 2

as have been, or may hereafter be established by law, may hold their respective offices for the term of six (6) years, one-third of the members of such boards to be elected or appointed every two (2) years in such manner as the Legislature may determine; vacancies in such offices to be filled as may be provided by law, (") and the Legislature shall enact suitable laws to give effect to this section."

The Supreme Court of Texas had before it a question almost identical to the one here under consideration in Texas National Guard Armory Board v. McCraw, 126 S. W. (2d) 627. In the opinion of Mr. Justice Critz, (concurring in part and dissenting in part) he declared, at page 639:

"Subdivision (h) of Section 2 of the Act under consideration here creates a board, whose duty it is to carry out and effectuate its provisions and purposes. It is provided that the persons acting as members of the existing Texas National Guard Armory Board shall constitute the Board under this Act. This means that the persons who constituted the Texas National Guard Armory Board at the time this Act became effective were constituted the Board thereunder. The Board existing at such time consisted of three members, being the three active senior officers of the Texas National Guard. Acts 1935, 44th Leg., p. 462, ch. 184. It follows that the Board created by this Act consisted in the beginning of three members, who were the three senior active officers of the Texas National Guard. The subdivision of this Act here under consideration then proceeds to provide: 'Members of the Board shall serve * * * until their resignation in writing shall be accepted by the Governor of Texas, or until death or removal for malfeasance.' Thus, under the express terms of the Act, a Board is created whose members hold their respective offices for life, unless they resign, die, or are removed for malfeasance.

> To my mind, such a provision is in absolute contradiction and contravention of Sections 30 and 30a of Article 16 of our State Constitution."

The opinion of Mr. Justice Sharp, in that case on this point differs from that of Mr. Justice Critz in that he holds the offices of the Armory Board to be military as distinguished from civil offices, and therefore not within the scope of Article 16, Sections 30 and 30a. Clearly, the members of the Board of Dieto-therapy would hold civil, and not military offices. We believe, therefore, that under both the opinions in the Armory Board case, Section 4 of Senate Bill No. 306 violates Article 16, Section 30a of the Constitution in that it fails to limit the terms of the members of the Board therein created to six (6) years or less.

In view of our opinion as to Section 4 of the Act, we deem it unnecessary to consider other phases of the Bill.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 5, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By Walter R. Koch
Walter R. Koch
Assistant

WRK:RS

ENCLOSURE



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

C
O
P
Y

S. B. NO. 306

By BROWNLEE

BY REQUEST

## A BILL

### TO BE ENTITLED

AN ACT defining Dieto-therapy; prescribing the schooling required of those who practice Dieto-therapy or call themselves Dieto-paths; providing for enforcement of this Act; and declaring an emergency.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

Section 1. It shall be unlawful for any person to call himself a Dietopath, or claim he is practicing Dieto-therapy, for pay, unless he holds a diploma in Dieto-therapy from a chartered school wherein the student has graduated as a Dietopath.

Section 2. Dieto-therapy defined: For the purposes of this act, Dieto-therapy is the practice of restoring health to humans by the means of trained guidance in the proper use of: air, in controlled breathing to some extent; water, used in proper moderation internally and externally; common foods, as are sold in any well stocked grocery, used in compatible combinations, with no patented or processed foods being required; sunshine, taken in exposures to aid metabolism, yet supervised to prevent deep burns; exercise to aid circulation, yet not to the point of exhaustion of nervous energy; rest, for recuperative purposes, yet never to the point of stagnation; and training in mental control, recognizing that the mind and the body are unalterably linked together. The teaching of how to combine these seven

-1-

natural qualities for the health-aid of any human shall constitute, and is, the teachings of Dieto-therapy. The graduate who teaches this method of health-aid to any person shall be entitled to the title of Dietopath, and may charge for his teachings or services.

Section 3. A graduate in Dieto-therapy shall have had two (2) years' training in anatomy, physiology, pathology, bacteriology, chemistry, histology, embryology, toxicology, diagnosia, dietetics, and theory and practice of dietotherapy, which includes and specialized upon the combining of foods in compatible groups, for ready assimilation by the blood and the body. One trained merely in dietetics, or in the caloric value of foods is not a dietopath.

Section 4. At present three of the teachers of Dieto-therapy, in the state chartered Texas School of Dieto-therapy, chosen among themselves, shall constitute a Board, without pay, who shall have power to enforce this Act by citing any person who wilfully misleads the public by fraudulently claiming to be a graduate of Dieto-therapy, to the County Attorney of Travis County, and asking that misdemeanor charges be filed against the said non-graduate or unauthorized person or persons. Upon conviction, the fine shall be not less than $25.00, or more than $200.00, with one-third (1/3) kept by the county, with other fines, and two-thirds (2/3) paid into the operating fund of the Texas School of Dieto-therapy.

Section 5. The fact that there is no law pertaining to

-2-

the practice of Dietotherapy, a growing health-aid much sought after by persons from the east and north who tour Texas, and by local inhabitants, and the fact that many army camps are now stationed in Texas, with all and every health-aid being called for and needed, to fit every person, in and out of army life, for and with sturdy health and calm nerves and clear minds creates an emergency, and an imperative public necessity that the Constitutional Rule requiring that all bills be read on three several days in each House be suspended, and said rule is hereby suspended, and this Act shall take effect and be in force from and after the date of its passage, and it is so enacted.